# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VENUS CAMPBELL, <br> Plaintiff | : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION <br> NO. 09-4989 |
| SUNRISE SENIOR LIVING <br> MANAGEMENT, INC., <br> Defendant | : <br> : <br> : <br> : | |

## MEMORANDUM OPINION AND ORDER

**RUFE, J.**                                                                                                               **November 24, 2009**

The Defendant, Sunrise Senior Management, Inc. ("Sunrise"), has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or 41(b) on the grounds that Plaintiff, Venus Campbell, has not filed the Certificate of Merit required by state law in medical malpractice cases,[1] and therefore has failed to state a claim upon which relief can be granted. Plaintiff pled the case as an ordinary negligence case, however Defendant argues that the substance of the allegations sound in professional negligence, and therefore a Certificate of Merit is required. Plaintiff responds that this is in fact an ordinary case of a property owner failing to warn an invitee of a known danger, and/or failing to take reasonable (non-medical) steps to prevent injury to the invitee, and therefore no Certificate of Merit is required. Based on Pennsylvania law governing ordinary and professional negligence, the Court finds that Plaintiff's allegations sound in ordinary negligence.

---

[1] Pennsylvania Rule of Civil Procedure 1042.3.

**FACTUAL BACKGROUND**

Plaintiff, Venus Campbell, is a certified nursing assistant employed by Odyssey Health Care. She was contracted to provide care for Vera Bond, who was a patient at one of Defendant Sunrise's care facilities. Plaintiff was not a Sunrise employee, but an outside health care provider caring for a patient at a Sunrise facility.

On July 12, 2007, while caring for her patient, Ms. Bond, Plaintiff alleges that she was attacked and injured by Ms. Bond's roommate, "Agnes." Plaintiff alleges that Defendant knew of Agnes's dangerous propensities because she had assaulted individuals in the past. Defendant did not warn Plaintiff that Agnes was dangerous, nor did they take any steps to protect Plaintiff from Agnes. Plaintiff alleges that she suffered serious injuries to her head, neck and back, some of which may be permanent.

**STANDARD OF REVIEW**

Dismissal of a complaint pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure for failure to state a claim upon which relief can be granted is appropriate where a "plaintiff can prove no set of facts in support of his claim which would warrant relief."[2] In determining whether a motion to dismiss is appropriate the court must consider those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[3]

---

[2] Sung Tran v. Delavau, LLC, No. 07-3550, 2008 WL 2051992, at *1 (E.D. Pa. May 13, 2008) (quoting Cal. Pub. Employees' Retirement Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004)); see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

[3] ALA v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); Fay v. Muhlenberg Coll., No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. January 24, 2008).

Under the Pennsylvania Rules of Civil Procedure, a Plaintiff must file a Certificate of Merit within sixty days after filing the complaint in order to proceed in a professional liability action.[4] This certificate must attest that an appropriate, licensed professional has supplied a written statement that there exists a reasonable probability that the work performed by each licensed professional defendant fell below accepted professional standards and caused harm. The Third Circuit has held that the Certificate of Merit requirement is a substantive rule of law that applies in professional liability cases proceeding in Federal Court,[5] and the absence of one may be grounds for dismissal under 28 U.S.C. §12(b)(6)[6] (failure to state a claim) or 41(b)[7] (failure to prosecute). In determining whether Plaintiff was required to file a Certificate of Merit, the Court will consider the substance of the complaint, not its form.[8]

**DISCUSSION**

Defendant argues that Plaintiff's Complaint fail to state a claim upon which relief can be granted because she failed to fulfill the Certificate of Merit requirement which is a fundamental component of her professional liability claim. Defendant avers that Plaintiff's claims actually sound in professional negligence, as it is actually a claim that Defendant, a licensed medical facility, failed to assess and ameliorate a patient's dangerous behavior and deviated from an acceptable standard of care to a patient.

---

[4] Pa.R.C.P. 1042.3 et seq.

[5] Iwanejko v. Cohen & Grigsby, P.C., No. 06-4471, 249 Fed. Appx. 938, 943-944 (3d Cir. 2007).

[6] Stoud v. Abington Memorial Hosp., 546 F.Supp.2d 238,250 (E.D.Pa. 2008).

[7] Abdulhay v. Bethlehem Medical Arts, L.P., 2005 WL 2416012 (E.D.Pa. September 28, 2005).

[8] French v. Commonwealth Assoc., Inc., 2009 WL 2343723 (Pa. Super. July 31, 2009).

It is undisputed that Defendant is a licensed professional entity under the laws of Pennsylvania. However, as Plaintiff points out, its *professional* duties are to its residents and patients, and not to a contractor or other invitee who enters the building.[9] Plaintiff is a Certified Nursing Assistant who entered the Sunshine facility to provide nursing assistance to a patient. She did not reside at or seek care from the facility, but was an invitee on the premises. As such, Defendant's duties *to Plaintiff* are not professional, but ordinary. Plaintiff alleges that Defendant was aware of Agnes's aggressive nature and knew that she had previously attacked other individuals. Therefore, Defendant had a duty to warn Plaintiff, an invitee to the facility, of a known danger or to take steps to prevent injury from the known danger.

The fact that some professional judgment or knowledge about the patient alleged to have attacked Plaintiff might be necessary to carry out Defendant's duty to Plaintiff[10] does not change the fact that their liability to Plaintiff lies in ordinary, not professional, negligence.[11] There was no breach of a professional duty to Plaintiff in this case, but a breach of a duty that would be owed by any property owner to an invitee.[12] Defendant puts great reliance on the fact that expert testimony may be needed to establish liability in this case. Even assuming that this is true, experts are used to establish liability in many ordinary negligence cases as well. The Court finds that the controlling issue in this case is in the nature of Defendant's duty and relationship to Plaintiff, and

---

[9] See Grossman v. Burke, 868 A.2d. 561 (Pa. Super. 2005) (holding that medical malpractice is the "unwarranted departure from generally acceptable standards of medical practice resulting in injury to the patient.")(emphasis added); see also Krauss v. Claar, 879 A.2d. 302 (Pa. Super. 2005) (holding that attorney's duty to clients is professional, but duty to property purchasers where attorney represents sellers is ordinary).

[10] It is not clear that this is the case, since apparently Agnes attacked others in the past, putting Defendant on notice of a danger even without professional evaluation.

[11] See Merlini v. Gallitzin Water Auth., 934 A.2d 100 (Pa.Super. 2007), aff'd Merlini v. Gallitzin Water Auth., 980 A.2d 502 (Pa. 2009).

[12] See Merlini, 980 A. 2d at 507.

not the type of evidence needed to establish liability.

Since this is not a professional negligence case, no Certificate of Merit is required to proceed. Therefore, Defendant's Motion to Dismiss is denied. An appropriate Order follows.